# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WENDALL JERMAINE HALL,**

    Plaintiff,

vs.                              Case No. 4:09cv283-SPM/WCS

**SANDEE P. RAHANGDALE,**
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, has initiated this civil rights case. The complaint form requires prisoner litigants to disclose all prior cases that the prisoner has initiated previously, and sign the form under penalty of perjury. Doc. 1. Plaintiff has listed the following federal cases: case nos. 3:96cv339, 3:00cv764, 4:04cv347, 06cv20323, 3:08cv1123, 3:08cv1190, 3:08cv716, and case 09-14153. Doc. 1, pp. 6-10. Plaintiff also listed another case which he filed against Officer Knipp in the Middle District around 2005 or 2006 (case number unknown).

Additionally, Plaintiff lists another case (Hall v. Lowman) which he filed in or about 1995, which was dismissed in or about 1996, but Plaintiff indicates he does not

know the case number.  Doc. 1, p. 5.  Judicial notice is taken that Plaintiff actually filed two cases in this Court against Defendant Lowman, case nos. 3:96cv339, and 3:97cv22.[1]  Case no. 3:96cv339, which Plaintiff did list as a case number, was first handled by Magistrate Judge Novotny, and then by Magistrate Judge Davis.  The case was dismissed in February of 1999, and Plaintiff appealed the dismissal.  The Eleventh Circuit dismissed the appeal as frivolous.  Doc. 110 of that case.  That dismissal counts as a strike under 28 U.S.C. § 1915(g).

In late 2004, Plaintiff initiated case no. 4:04cv347-MP/AK, which was dismissed on May 4, 2005, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  That dismissal counts as Plaintiff's second strike under § 1915(g).  Plaintiff did list this case, and noted it was dismissed for failure to state a claim.  Doc. 1, p. 7.

Another case Plaintiff acknowledged that was dismissed for failure to state a claim was case no. 06cv20323.  Doc. 1, p. 7.  Such a dismissal counts as Plaintiff's third "strike" under 28 U.S.C. § 1915(g), which precludes him from proceeding *in forma pauperis* in this Court absent allegations of being in imminent danger of serious physical injury.  This case, which alleges the denial of adequate medical care, does not bring Plaintiff within the exception to the three strikes bar.  28 U.S.C. § 1915(g).

Plaintiff acknowledged case no. 3:00cv764, but provided no information about the reason for dismissal of the case.  Doc. 1, p. 6.  It was dismissed ten days after filing because Plaintiff failed to honestly disclose the cases he had filed in this District.  That dismissal, while being entered "without prejudice," was for abuse of the judicial process.

---

[1] Plaintiff's second case against Defendant Lowman, et al., case 3:97cv22 was a habeas petition under § 2254.

As noted in the order of dismissal, dismissal for abuse of the judicial process counts as a strike under § 1915(g). Doc. 5, case no. 3:00cv764, *citing* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). That dismissal marks Plaintiff's fourth "strike" under 28 U.S.C. § 1915(g).

Moreover, Plaintiff did not provide any information about several additional federal cases. Case no. 3:96cv297 was a § 1983 case against the Department of Corrections and Defendant Richard Hardy, initiated by Plaintiff in June of 1996. Summary judgment was granted in favor of the Defendant. Case no. 3:00cv868 was filed in the Middle District of Florida and, after a jury trial, judgment was entered in favor of the Defendants in February of 2003. Plaintiff initiated case no. 4:00cv255-WS in July of 2000, a recommendation was promptly entered to transfer the case to the Middle District of Florida, but Plaintiff filed a motion to dismiss indicated he had already filed the case in the Middle District. Thus, the motion to dismiss was granted in August of 2000. Plaintiff also initiated case no. 4:04cv424 in this Court on October 21, 2004, and it was subsequently transferred to the Middle District of Florida in February of 2006. Case no. 3:97cv138 was a § 1983 case Plaintiff filed on April 8, 1997, but Plaintiff filed a notice of voluntary dismissal which was accepted, and the case closed in April of 1998. Plaintiff did not acknowledge any of these cases either.

Case no. 3:98cv177 was another § 2254 habeas petition, initiated in May of 1998, and denied in October of 1999. Plaintiff's appeal was also denied by the Eleventh Circuit in February of 2000. Plaintiff filed another § 2254 petition, case no. 3:99cv381, on September 9, 1999, which was denied in March of 2001, and his appeal was denied in August of that year. Case no. 3:02cv322 was initiated in August of 2002 and was

another § 2254 petition. It was dismissed in February of 2003. Case no. 3:04cv367 was yet another § 2254 petition which was dismissed in November of 2004, and the appeal denied as a successive motion filed without leave. Doc. 25, case no. 3:04cv367.

There are even more cases filed by Plaintiff, but continuing to look at each case for the reason of dismissal is a waste of judicial resources. The above information makes it clear that Plaintiff has accumulated more than three dismissals counted as strikes under 28 U.S.C. § 1915(g). It is also clear that Plaintiff has abused the judicial process by failing to honestly disclose all the prior cases he has filed. For both of those reasons, this case should be dismissed *sua sponte* and Plaintiff's motion for leave to proceed *in forma pauperis* be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as an abuse of the judicial process and Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on August 19, 2009.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**